Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| REFRICENTRO, INC., PEDRO ARVESÚ GASSET, PEDRO ARVESÚ LÓPEZ, LLC, CIRILO C. HERNÁNDEZ HERNÁNDEZ, LLC., MARTHA M. PADRÓN HERNÁNDEZ, JAVIER HERNÁNDEZ PADRÓN **Recurridos** V. JOSÉ CIRILO HERNÁNDEZ GARCÍA, FRANK PALACIO RODRÍGUEZ, CARLOS M. VENTO TORRES, LUIS E. LAGO MARRERO **Peticionarios** | KLCE202401262 | *CERTIORARI* procedente del Tribunal de Primera Instancia San Juan Caso Núm: SJ2022CV02075 Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

El 20 de noviembre de 2024, el Sr. Pedro Arvesú López, la Sra. Irma Arvesú López y la Sra. Teresa Irma López Arias, miembros de la sucesión del Sr. Pedro Arvesú Gasset (en conjunto, los peticionarios) comparecieron ante nos mediante una *Solicitud de Certiorari* y solicitaron la revisión de una *Orden* que se dictó el 12 de septiembre de 2024 y se notificó el 13 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI resolvió que procedía que se perfeccionara la inscripción de los peticionarios en el registro de accionista de la corporación como tenedores en común proindiviso de las 431,100 acciones de Refricentro, Inc. que el Sr. Pedro Arvesú Gasset adquirió y poseyó durante su vida. Sin embargo, a su vez determinó que no podía autorizar la inscripción de las restantes

Número Identificador

RES2024 _____

92,581 acciones a nombre de los peticionarios ya que uno de los asuntos objeto de la Reconvención era precisamente la validez del "traspaso de acciones corporativas del Sr. Cirilo Hernández a la corporación Cirilo Hernández Hernández, LLC" (*Id.*) de cuya entidad, a su vez, los Demandantes alegan haber adquirido 92,581 acciones".

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 1 de julio de 2024, los peticionarios presentaron una *Moción Solicitando Orden.*[1] Indicaron que según resolvió el TPI en la *Sentencia Parcial* que dictó el 18 de septiembre de 2024, al fallecer el Sr. Pedro Arvesú Gasset, los miembros de la sucesión de este último, a saber, los peticionarios, pasaron a ser los accionistas y dueños de 431,100 acciones de Refricentro, Inc. Afirmó que la referida *Sentencia Parcial* advino final y firme luego de ser objeto de revisión y ser confirmada tanto por el Tribunal de Apelaciones como por el Tribunal Supremo. Por otro lado, sostuvieron que a base de lo que determinó el Tribunal de Apelaciones en una *Sentencia* que se notificó el 1 de noviembre de 2022, los peticionarios adquirieron un total de 92,581 acciones a través de una compraventa que hubo entre estos y la compañía Hernández, LLC.

A tales efectos, puntualizaron que eran dueños de un total de 523,681 acciones. Sin embargo, plantearon que, el Sr. Luis E. Lago Marrero (señor Lago), secretario de la corporación de Refricentro, Inc., no había emitido los certificados de acciones endosados. De

---

[1] Véase, págs. 35-37 del apéndice del recurso.

este modo, le solicitaron al TPI a que le ordenara al señor Lago a emitir el certificado de acciones por la cantidad de 523,681 acciones debidamente endosado a nombre de los peticionarios.

En respuesta, el 22 de julio de 2024, el Sr. Cirilo Hernández Hernández, LLC, la Sra. Martha M. Padrón Hernández, el Sr. Javier Hernández Trust y la Sra. Antonia Berta Hernández presentaron una *Moción en Cumplimiento de Orden*.[2] En esta, sostuvieron que se unían a la solicitud de los peticionarios. Sin embargo, indicaron que una vez los peticionarios pagaran el precio acordado de la compraventa de las acciones y que ellos recibieran las garantías necesarias para proteger su derecho a recibir los dividendos declarados y a ser declarados para los años 2022, 2023 y 2024, ellos endosarían los certificados de las acciones a nombre de los peticionarios para un total de 92,579 acciones de Refricentro, Inc.

Por su parte, el Sr. José Cirilo Hernández García, el Sr. Frank Palacio Rodríguez, el Sr. Carlos M. Vento Torres, y el Sr. Luis E. Lago Marrero (en conjunto, los recurridos) presentaron una *Moción en Cumplimiento de Orden* [...].[3] Argumentaron que las órdenes solicitadas por los peticionarios, el Sr. Cirilo Hernández Hernández, LLC, la Sra. Martha M. Padrón Hernández, el Sr. Javier Hernández Trust y la Sra. Antonia Berta Hernández eran contradictorias entre sí y no guardaban relación alguna con la controversia que se enfrentaba el TPI en el presente caso.

Fundamentaron lo antes expuesto en que lo solicitado por ambas partes antes mencionadas, conllevaría a que el TPI validara una transacción de compraventa de acciones que las partes estarían impedidas de llevar a cabo si se probaran las alegaciones de la reconvención en el presente caso. Puntualizaron que ello a su vez

---

[2] Véase, Entrada 447, SUMAC.
[3] Véase, Entrada 450, SUMAC.

conllevaría a que el TPI otorgara un remedio no solicitado en la Demanda del presente caso e invalidara una Sentencia que emitió un Tribunal de mayor jerarquía en el caso *Hernández Hernández LLC v. Refricentro, Inc.*, SJ2021CV0194, en donde la sucesión Arvesú no fue parte. Afirmó que lo único que se había resuelto en el presente caso era que la sucesión Arvesú tenía derecho a heredar las acciones de su padre, el Sr. Pedro Arvesú Gasset, en Refricento, Inc. sin que se le aplicara los requerimientos del Artículo 3(e) del Reglamento de Refricentro. Por estos motivos, le solicitó al TPI a que declarara No Ha Lugar las solicitudes de órdenes presentadas.

Evaluadas las posturas de las partes, el 12 de septiembre de 2024, el TPI emitió una *Orden* que se notificó el 13 de septiembre de 2024.[4] En esta determinó lo siguiente:

> Habiéndose reconocido a Teresa Irma López y a Irma y Pedro Arvesú López, como herederos de Arvesú Gasset y accionistas de Refricentro, Inc., se ordena al Secretario de Refricentro, Inc. perfeccionar la inscripción de estos en el registro de accionista de la corporación como tenedores en común pro-indiviso de las 431,100 acciones de Refricentro, Inc. que Pedro Arvesú Gasset adquirió y poseyó durante su vida, lo que representa un 43.100% de las acciones autorizadas de la corporación.

> El 15 de septiembre de 2023, este tribunal emitió una Sentencia Parcial que adjudicaba múltiples mociones dispositivas. En esencia, el TPI determinó que "dado que los componentes de la Sucesión Arvesú Gasset adquirieron como consecuencia de la muerte de Pedro Arvesú Gasset las acciones de éste, son ahora ellos accionistas de Refricentro, al haber ocurrido una transferencia involuntaria de sus acciones. No aplica el Artículo III (e) del Reglamento de Refricentro y no se activó, por tanto, un derecho de adquisición preferente de parte de los demás accionistas o Refricentro." El tribunal entonces declaró con lugar la Moción de Sentencia Sumaria Parcial a la Entrada 246, concediendo el remedio que allí se solicita. A saber, "que dicte sentencia sumaria parcial a favor de la parte compareciente en la que se reconoce como herederos de Don Pedro Arvesú Gasset y accionistas de Refricentro, Inc., al este morir, a los componentes de su sucesión Teresa Irma López y a Irma y Pedro Arvesú López, inscribiéndolos como tal en el registro de accionista de la corporación." La Sentencia Parcial nada dispone en

---

[4] Véase, págs. 54-56 del apéndice del recurso.

torno a las transferencias posteriores que se alegan a las Entradas 442 y 447.

La Sentencia Sumaria Parcial declaró Sin Lugar la Moción de Sentencia Sumaria Parcial a la Entrada 320 que solicitaba "sentencia sumaria parcial [...] en la que se reconoce que el demandado José Cirilo Hernández García adquirió de su señora madre mediante herencia acciones de Refricentro, sin haberse aplicado ni puesto en ejecución las disposiciones del Artículo III (e) del reglamento de Refricentro, Inc., por lo que conforme a derecho no puede aplicarse ni brindarse selectiva y discriminatoriamente, interpretaciones distinta de esta disposición en perjuicio de los demandantes." Además, desestimó la Reconvención.

El Tribunal de Apelaciones modificó la Sentencia Parcial "únicamente a los efectos de revocar la desestimación con perjuicio de la reconvención, exceptuando aquellas causas de acción relacionadas con la transferencia mortis causa de las acciones del señor Arvesú Gasset, las cuales fueron atendidas con la disposición de la solicitud de sentencias sumarias del 16 de noviembre de 2022 presentada por la sucesión Arvesú." Refricentro, Inc. v. Hernández García, No. KLAN202301058, 2024 WL 575888, at * 11 (24 de enero 2014). En todo lo demás, la Sentencia Parcial a la Entrada 338 fue confirmada.

Uno de los asuntos objeto de la Reconvención es la validez del "traspaso de acciones corporativas del Sr. Cirilo Hernández a la corporación Cirilo Hernández Hernández, LLC" (*Id.*), de cuya entidad, a su vez, los Demandantes alegan haber adquirido 92,581 acciones.

En desacuerdo con el dictamen antes mencionado en cuanto a la denegatoria del TPI de incluir la inscripción de las 92,581 acciones que presuntamente se adquirieron mediante compraventa, el 30 de septiembre de 2024, los peticionarios presentaron una *Moción de Reconsideración Parcial* [...].[5] Así las cosas, el 21 de octubre de 2024, el TPI dictó y notificó una Orden declarando No Ha Lugar la reconsideración.[6] Aún en desacuerdo, el 20 de noviembre de 2024, los peticionarios presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al determinar que no procedía la inscripción de las 92,581 acciones adquiridas basándose en que "[u]no de los asuntos objeto de la reconvención es la validez del "traspaso de acciones corporativas del Sr. Cirilo**

---

[5] Íd., págs. 57-61.
[6] Íd., pág. 77.

**Hernández a la Corporación Cirilo Hernández Hernández, LLC".**

Atendido el recurso, el 2 de diciembre de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 6 de diciembre de 2024 para presentar su postura en cuanto al recurso. Oportunamente, la parte recurrida presentó su *Oposición a la Emisión de Certiorari* y negó que el TPI cometiera el error que la parte peticionaria le imputó.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de

Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, s*upra,* es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra. La norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones

discrecionales del Tribunal de Primera Instancia, cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones